UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bobbie Townsend,

      Plaintiff,

v.                                                                              Case No. 12-10379

John Owens, *et al.*,                                              Honorable Sean F. Cox

      Defendants.

_____/

**OPINION & ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS**

Plaintiff asserts § 1983 and gross negligence claims against Defendants, police officers

who executed a search warrant at Plaintiff's home on January 28, 2009. The matter is currently

before the Court on Defendant Pillsbury's Motion to Dismiss, which the other named Defendants

have joined in on. The Court finds that the issues have been adequately presented in the parties'

briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule

7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the

motion will be decided upon the briefs. For the reasons set forth below, the Court shall GRANT

THE MOTION IN PART AND DENY IT IN PART. The Court shall DENY the motion with

respect to the challenge to the § 1983 claims because the complaint contains sufficient factual

allegations to state a plausible claim and put Defendants on notice of the unlawful conduct each

of the named Defendants allegedly engaged in. The Court shall GRANT the motion as to the

gross negligence count, which is based on the same alleged intentional conduct that forms the

basis of the excessive force claim, and dismiss that count.

## BACKGROUND

Plaintiff Bobbie Townsend filed this action on January 29, 2012.  His complaint names

the following persons as Defendants: 1) John Owens; 2) "Officer Pillsbury"; 3) Brian Warden; 4)

Nelson Lakey; and 5) Doug McLeod; and 6) an unspecified number of unnamed "John Doe"

Defendants.  His complaint contains two counts: 1) claims alleging a deprivation of civil rights,

in violation of 28 U.S.C. § 1983; and 2) "Gross Negligence."

On April 27, 2012, Defendant Pillsbury filed a Motion to Dismiss.  (Docket Entry No.

12).  On May 17, 2012, the remaining named Defendants filed a Concurrence with Defendant

Pillsbury's motion, stating that they join in and adopt the motion and seek the same relief.

(Docket Entry No. 14).

## ANALYSIS

The pending motion challenges both counts of the complaint.  First, it asserts that

Plaintiff has not pled his excessive force claim in avoidance of immunity because he accuses

each of the five named Defendants of the exact same conduct without including any specific

allegations about the actions of the particular Defendants.  Second, it asserts that Plaintiff's

complaint does not state a valid gross negligence claim where the allegations underlying his

intentional tort claim and his gross negligence claim are the same.

## I.     Plaintiff's § 1983 Claim

Defendants contend that each Defendant's liability must be assessed individually, based

on his or her own actions.  They also assert that the claims must be pled with enough

particularity to establish what each defendant did to violate Plaintiff's rights, and that the

complaint must allege a plausible claim.  They contend that Plaintiff has failed to do that here,

asserting:

> Plaintiff has not satisfied this requirement.  Rather, the Complaint includes remarkably few facts.  The Complaint states only that Plaintiff was at home, police officers broke in, and he was tackled and kneed.  *It contains no facts about how the officers came be at Plaintiff's home, whether they had a warrant*, what the warrant was for, whether any actions short of physical force were attempted, whether the officers had any contact with Plaintiff before the alleged force was used, *whether Plaintiff resisted*, and most importantly, the specific role each Defendant played in the supposed tackling and kneeing of Plaintiff.

(Def. Pillsbury's Br. at 3) (emphasis added).  They assert that complaints containing general allegations accusing "all defendants" of engaging in certain conduct without detail as to the actions of each defendant have been dismissed.

In response, Plaintiff notes that some of Defendants' assertions regarding lack of specific facts are simply wrong.  He further asserts that the complaint has sufficient allegations to place Defendants on notice of the nature of his claim against each, and the unlawful conduct complained of, and that he has alleged a plausible claim.  The Court agrees with Plaintiff.

Contrary to the assertions in the pending motion, the complaint does allege that the officers entered the house "in the execution of a search warrant of the premises."  (Compl. at ¶ 8).  The complaint also asserts "despite plaintiff's complete cooperation and without any threat to officer safety defendants John Owens, Officer Pillsbury, Brian Warden, Nelson Lakey, Doug McLeod and multiple 'Doe' defendants forcibly tacked plaintiff, while wearing a cervical collar to the ground, placing knees in his previously injured neck and back while restrained in handcuffs" causing him serious injuries.  (Compl. at ¶ 9).  Thus, the complaint does not simply refer to "Defendants" without specifying the conduct of any particular Defendant.  Rather, Plaintiff identifies by name each of the five named Defendants as forcibly tackling him to the ground despite the fact that was wearing a cervical collar and was fully cooperating.  That he

alleges that the five named Defendants did this together, and were joined by others, does not

render the claim implausible.  The Court shall DENY this ground for relief.

## II.      Plaintiff's Gross Negligence Claim

Defendants contend that Count II, titled "Gross Negligence," should be dismissed

because it is well established that the behavior on which a gross negligence claim is based cannot

be conduct that would amount to an intentional tort.

Defendants' argument is well taken.  "[I]t is well-established that an intentional tort

claim, like the allegation here that excessive force was used, cannot be converted into a claim of

gross negligence."  *Mendoza v. Bowles*, 2006 WL 335696 (Mich. App. 2006) (citing *VanVorus*

*v. Burmeister*, 262 Mich.App. 467, 483-84 (2004), *Smith v. Stolberg*, 231 Mich.App. 256, 258-

59 (1998), and *Sudul v. Hamtramck*, 221 Mich.App. 455, 458 (1997)).

Here, Plaintiff's complaint alleges that Defendants forcibly entered his home and, despite

his "complete cooperation and without any threat to office safety" Defendants "forcibly tackled

plaintiff, while wearing a cervical collar to the ground, placing knees in his previously injured

neck and back while restrained in handcuffs" causing him serious injuries.  (Compl. at ¶ 9).

Plaintiff alleges that "the conduct of defendant officers in forcefully tackling plaintiff to the

ground, with actual knowledge of orthopedic disability" "constitutes excessive force" "and

constitutes gross negligence."  (Compl. at ¶ 10).  His Gross Negligence count then alleges that

the Defendant officers owed duties to Plaintiff including the duty to "avoid foreseeable injury to

plaintiff, while investigating or pursuing legitimate police activity." (Compl. at ¶ 22).

Like the plaintiff in *Gentry*, Plaintiff appears to be attempting to use artful pleading to

transform an excessive force claim based on alleged intentional conduct into a gross negligence

claim.  *Gentry v. Wayne County Deputy Sheriff Camona*, 2011 WL 4810847 (Mich. App. 2011).

In that case, the plaintiff alleged that the defendant officers used excessive force and he also

asserted a negligence claim.  Like the situation here, the negligence claim was based on the

alleged excessive force.  The negligence count alleged that the officers owed the plaintiff a duty

"to act prudently and with reasonable care, and otherwise to avoid the use of unnecessary and/or

unreasonable force" and breached that duty.  The Michigan Court of Appeals ruled that the trial

court should have dismissed the gross negligence claim, stating "[t]he governmental immunity

statute does not itself create a cause of action called 'gross negligence,' and "this Court has

consistently rejected attempts to transform claims involving elements of intentional torts into

claims of gross negligence."  *Id.* (quoting *Cummins v. Robinson Twp*., 283 Mich.App. 677, 692

(2009) and *VanVourous*, 262 Mich.App. at 483-84).  It further stated that "[i]t is well recognized

that how a party chooses to characterize or label his or her cause of action is not dispositive and

would effectively result in placing form over substance.  Summary disposition is not avoidable

simply because of artful pleading."  *Gentry, supra,* at *4.

In sum, Plaintiff cannot transform an excessive force claim that is based on alleged

intentional conduct into a gross negligence claim simply by alleging that the Defendant officers

owed him a duty to "avoid foreseeable injury to plaintiff."  If including that allegation were

sufficient, then every excessive force claim could be re-characterized as a negligence claim.  The

Michigan Court of Appeals rejected such attempts in *Gentry*.  The Court shall DISMISS Count

II.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.  The motion is GRANTED to the extent that the Court DISMISSES COUNT II of Plaintiff's Complaint.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  August 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 13, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager