UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bobbie Townsend,

    Plaintiff,                                           Case No. 12-cv-10379

v.

                                                     Sean F. Cox
                                                     District Court Judge

John Owens, et al.

    Defendants.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

On January 28, 2009, police officers with the Burton City Police Department executed a search warrant on Plaintiff Bobbie Townsend's home. When the officers executed the warrant, the Plaintiff was wearing a cervical collar as a result of a back and neck injury that he previously suffered. The Plaintiff alleges that, upon executing the search warrant, Officer Todd Pillsbury tackled him with the assistance and/or encouragement of the other named defendants, further aggravating his injury, as well as causing him to suffer a herniated disk. Plaintiff claims that he was denied medical attention by the officers even though he made repeated demands.

On January 29, 2012, the Plaintiff filed a Complaint asserting a § 1983 claim (Count I) and a gross negligence claim (Count II). The gross negligence claim has been dismissed by this Court, pursuant to an Opinion and Order entered on August 13, 2012.

On September 13, 2012, the Plaintiff filed an Amended Complaint asserting only the § 1983 claim. The Amended Complaint also named two additional officers as defendants.

This action addresses Defendants John Owens, Brian Warden, Nelson Lakey and Doug McLeod's (hereinafter "the Defendants") Motion for Judgment on the Pleadings, which was brought pursuant to Federal Rule of Civil Procedure 12(c), contending that the § 1983 claim in the Plaintiff's Amended Complaint fails to state, with sufficient particularity, facts that demonstrate how each defendant violated the Plaintiff's constitutional rights.

The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs. For the reasons that follow, this Court **DENIES** the Defendants' Motion for Judgment on the Pleadings.

## BACKGROUND

The Plaintiff filed the original Complaint in this action on January 29, 2012. (Docket No. 1.) The Complaint names various officers with the Flint Area Narcotics Group in Genesee County, Michigan, as defendants. (*Id*. at 2, ¶ 6.) The officers entered the Plaintiff's home, which is located at 1430 Kenneth Street, Burton, Michigan, in order to execute a search warrant. (*Id.* at 7–8.) The Plaintiff contends that despite his "complete cooperation" with the officers, he was forcibly tackled by the officers while he was wearing a cervical collar, causing further injuries to his neck and back. (*Id.* at 2–3, ¶ 9.) The Plaintiff asserts that his injuries "includ[e], but [are] not limited to: herniated cervical disc; aggravation of preexisting cervical injury, and related disabilities all of which resulted in surgery, pain and suffering, shock, humiliation, fright, mental/emotional injury, surgery and medical expense." (*Id.* at 3, ¶ 13.)

The Plaintiff's original Complaint contains two counts: 1) claims alleging a deprivation of

civil rights, in violation of 28 U.S.C. § 1983; and 2) "Gross Negligence." (*Id.* at 3–6.)

On April 27, 2012, Defendant Pillsbury filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 12.) On May 17, 2012, the remaining named Defendants filed a concurrence with Defendant Pillsbury's motion, stating that they join in and adopt the motion and seek the same relief. (Docket No. 14.) That motion challenged both counts of the Complaint. (Docket No. 12, at 2.) First, it asserts that Plaintiff has not pled his excessive force claim in avoidance of immunity because he accuses each of the five named Defendants of the exact same conduct without including any specific allegations about the actions of the particular Defendants. (*Id.* at 8–12.) Second, it asserts that Plaintiff's original Complaint does not state a valid gross negligence claim where the allegations underlying his intentional tort claim and his gross negligence claim are the same. (*Id.* at 12–13.)

In an Opinion and Order filed on August 13, 2012, this Court GRANTED the Motion to Dismiss to the extent that the Court DISMISSES COUNT II of Plaintiff's Complaint and DENIED the motion in all other respects. (Docket No. 18.) Thus, only the § 1983 claim remains in this action.

On September 13, 2012, the Plaintiff filed an Amended Complaint. (Docket No. 24.) In the Amended Complaint, the Plaintiff names Officer Dave Rampy and Stacy Moore as additional defendants, contending that they "are Michigan State Troopers whose names were previously redacted from the Michigan State Police Report and unknown to [the Plaintiff] prior to commencement of litigation." (*Id.* at 2, ¶ 7.)

The Amended Complaint basically re-alleges many of the same facts and legal arguments that were advanced in the original Complaint. It asserts that the Defendants entered the Plaintiff's

3

home to execute a search warrant, and that despite Plaintiff's "complete cooperation and without any threat to officer safety defendant Todd Pillsbury together with assistance from Rampy, Moore, Owens, Warden, Lakey and McLeod forcibly tackled plaintiff while wearing a cervical collar to the ground while, Pillsbury placed his knee in plaintiff's previously injured neck and back while restrained in handcuffs causing the serious injuries as more particularly set forth below." (*Id.* at 2–3, ¶ 10.) It further alleges that "Defendant officers Rampy, Moore, Owens, Warden, Lakey and McLeod all participated with defendant Pillsbury in the use of excessive force and failed to take reasonable measures to either intervene or prevent defendant Pillsbury from engaging further in the unlawful use of force." (*Id.* at 3, ¶ 12.) Furthermore, the Plaintiff contends that "b[]y failing to offer or summon medical attention despite both objective and subjective knowledge of plaintiff's cervical injury each of the defendant officers were deliberately indifferent to plaintiff's serious medical need which constitutes a violation of rights under the Fourteenth Amendment of United States Constitution." (*Id.* at ¶ 13.) Plaintiff alleges that he "suffered injuries including, but not limited to: herniated cervical disc; aggravation of preexisting cervical injury, and related disabilities all of which resulted in surgery, pain and suffering, shock, humiliation, fright, mental/emotional injury, surgery and medical expense." (*Id.* at ¶ 15.)

## STANDARD OF REVIEW

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (internal quotation marks omitted). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact

exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

## ANALYSIS

The pending motion asserts that the Plaintiff has not pled his § 1983 excessive force claim in avoidance of immunity, with regard to Defendants John Owens, Brian Warden, Nelson Lakey and Doug McLeod, because Plaintiff's Amended Complaint does not specifically identify what conduct each officer allegedly performed that violated the Plaintiff's constitutional rights contrary to *Marcilis v. Twp. of Redford*, 693 F.3d 589 (6th Cir. 2012). (Docket No. 30, at 4–6.) The Defendants claim that their liability under *Marcilis* must be assessed individually, based on their own actions, and that the claims must be pled with enough particularity to establish what each defendant did to violate Plaintiff's rights. (*Id.*) Defendants further point out that the complaint in *Marcilis* is much more detailed and lengthier than the Amended Complaint in this action. (*Id.* at 6.)

This Court has already held, in addressing the Defendants' Motion to Dismiss in this action, that the Plaintiff's original "complaint contains sufficient factual allegations to state a plausible claim and put Defendants on notice of the unlawful conduct that each of the named Defendants allegedly engaged in." (Docket No. 18, at 2–4.) The misconduct alleged in the Amended Complaint is even more detailed, concerning the Defendants' alleged misconduct. (Docket. No. 24.)

Contrary to Defendants' assertion, *Marcilis* does not change the analysis. In that case, the Marcilises appealed the District Court's dismissal of the plaintiffs' § 1983 claims, which arose under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), against Drug Enforcement Administration agents Doyle and Livingston in their individual capacities. *Marcilis*, 693 F.3d at 596–97. The complaint, in that action, only mentioned Doyle and

5

Livingston in paragraph six, for the purposes of identifying them as employees of the DEA. *Id.* at 596. Otherwise, it only makes "categorical references to 'Defendants.'" *Id.* The Sixth Circuit held that "the district court did not err in dismissing the claims against Doyle and Livingston for failing to allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Id.* (internal citations and quotations omitted). The Court recognized that in the context of *Bivens* actions simply lumping defendants together and collectively asserting that they violated the plaintiffs' constitutional rights, without asserting what specific acts were attributable to each defendant, fails to satisfy the minimum pleading requirement that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. *Id.* (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34, (2d Cir. 2001). The Court recognized that this standard even applies in the context of non-*Bivens* constitutional tort claims against government actors. *Id.* (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."); *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 (2009) ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").

Here, in the Amended Complaint, the Plaintiff asserts that Officer Pillsbury tackled him to the ground even though he was wearing a cervical collar and fully cooperating. The Amended Complaint goes on to state that Officer Pillsbury placed his knee on Plaintiff's neck causing further injury to his neck and back, including a herniated disk. The Plaintiff contends that the Defendants assisted Officer Pillsbury in tackling the Plaintiff or otherwise failed to intervene or restrain

Pillsbury's alleged use of excessive force. It further alleges that they failed to get him medical assistance, even though he made repeated demands for such assistance in their presence, in violation of his constitutional rights. The Amended Complaint asserts that the Plaintiff suffered injuries, including a herniated cervical disc, as a result of the Defendants' alleged excessive force and denial of medical assistance.

Thus, contrary to the Defendants' assertion, the Amended Complaint does contain specific allegations of wrongdoing with respect to the alleged conduct of John Owens, Brian Warden, Nelson Lakey and Doug McLeod. The Plaintiff identifies, by name, each of the Defendants as assisting Defendant Pillsbury in tackling the Plaintiff, failing to intervene, and failing to obtain the Plaintiff medical assistance in violation of his constitutional rights. That he alleges that the Defendants did this together, and were joined by others, does not render the claim implausible. Thus, the Defendants' assertion that *Marcilis* somehow changes the analysis is incorrect.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Defendants' Motion for Judgment on the Pleadings is **DENIED**.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: December 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2012, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager

7